**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **SECURUS TECHNOLOGIES, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.** _____ |
| ) | |
| **COMBINED PUBLIC** ) | |
| **COMMUNICATIONS, INC.** ) | **1 : 11 -cv- 1 4 4 7 JMS -TAB** |
| ) | |
| **Defendant.** ) | **Jury Trial Requested** |

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
11 OCT 31  PH 2: 56
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff Securus Technologies, Inc. files this Original Complaint for Patent Infringement and Demand for Jury Trial against Defendant Combined Public Communications, Inc. and alleges as follows:

**I.
PARTIES**

1. Plaintiff Securus Technologies, Inc. ("Securus") is a Delaware corporation with its principal place of business in Dallas, Texas.

2. On information and belief, Defendant Combined Public Communications, Inc. ("CPC") is an Ohio corporation with its principal place of business at 100 Aqua Drive, Cold Spring, Kentucky 41076. Defendant CPC may be served with process by serving its registered agent in the State of Kentucky, Jim Engle, at his registered agent address, 231 Military Parkway, Ft. Thomas, Kentucky 41075.

**Page 1**

## II.
## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* This Court has original and exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

4.      Upon information and belief, Defendant CPC regularly transacts business in and has committed and/or induced acts of patent infringement within the State of Indiana and, upon information and belief, within the Southern District of Indiana. Defendant CPC is, therefore, subject to the personal jurisdiction of this Court.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## III.
## PATENT INFRINGEMENT

6.      United States Patent No. 7,899,167 (the "'167 Patent") entitled "Centralized Call Processing" was duly and legally issued by the United States Patent and Trademark Office on March 1, 2011, after full and fair examination. Securus is the assignee of all rights, title, and interest in and to the '167 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '167 Patent. A copy of the '167 Patent is attached hereto as Exhibit A.

7.      Plaintiff Securus makes, uses, sells, and offers to sell to the telecommunications industry specialized call-processing and billing equipment and services for correctional institutions, direct local and long-distance call processing for correctional facilities, value-added telecommunications services such as pre-connection restrictions, digital recording, jail and inmate management systems, video booking and other related goods and services, including commissary services.

8.      Defendant CPC makes, manufactures, uses, sells, or offers to sell specialized telephone call-processing and billing equipment and/or services for correctional institutions in competition with Securus. On information and belief, Defendant CPC by making, using, selling, or offering to sell in the United States, without authority, products and services, including its inmate telephone system and inmate telephone services, has directly and indirectly infringed (by inducement) and is continuing to infringe, directly and indirectly, the '167 Patent within the United States.

## IV.
## CAUSES OF ACTION
### Count One – Infringement of '167 Patent

9.      Securus re-alleges and incorporates by reference paragraphs 1-8 above.

10.     Defendant CPC has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '167 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '167 Patent in violation of 35 U.S.C. § 271.

## V.
## REMEDIES

11.     As a direct and proximate consequence of the acts and practices of Defendant CPC in infringing and/or inducing the infringement of one or more claims of the '167 Patent, Securus has been damaged in an amount to be determined at trial and will continue to be damaged in its business and property rights as a result of Defendant CPC's infringing activities, unless such activities are enjoined by this Court. Pursuant to 35 U.S.C. § 284, Securus is entitled to damages adequate to compensate for the infringement, including, *inter alia*, lost profits and/or a reasonable royalty.

12.     By reason of its infringing acts and practices, Defendant CPC has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Securus for which there is no adequate remedy at law, and for which Securus is entitled to injunctive relief under 35 U.S.C. § 283. Securus therefore requests a permanent injunction prohibiting Defendant CPC, its directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with it from infringement, inducement to infringe, or contributory infringement of the '167 Patent, including the making, manufacture, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the '167 Patent.

13.     To the extent that facts learned during the pendency of this case show that Defendant CPC's infringement is, or has been, willful and deliberate, Securus reserves the right to amend this complaint and request such a finding and seek appropriate relief at time of trial.

## VI.
## COSTS INTEREST AND ATTORNEYS' FEES

14.     This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285. Securus requests the Court award it all reasonable attorneys' fees and costs incurred in this litigation and pre- and post-judgment interest pursuant to 35 U.S.C. §§ 284 and 285.

## VII.
## JURY DEMAND

15.     Securus requests a jury trial of all issues in this action so triable.

## VIII.
## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Securus respectfully requests the following relief:

1.     A judgment that Defendant CPC has infringed, directly and/or indirectly, the '167 Patent;

2.  A judgment and order permanently enjoining Defendant CPC and its directors, officers, employees, agents, parents, subsidiaries, affiliates, and all persons in active concert or participation with it from infringement, inducement to infringe, or contributory infringement of the '167 Patent, including the making, manufacture, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the '167 Patent pursuant to 35 U.S.C. § 283;

3.  A judgment and order requiring Defendant CPC to pay Securus damages sufficient to compensate Securus for the infringement of the '167 Patent, in an amount not less than Securus' lost profits and/or a reasonable royalty and interest and costs, pursuant to 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting, as needed;

4.  A judgment and order awarding enhanced damages, pursuant to 35 U.S.C. § 284, if and to the extent that Defendant CPC's acts of infringement of the '167 Patent are determined to be willful;

5.  An award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '167 Patent by Defendant CPC until judgment for damages is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

6.    An award of all costs and reasonable attorneys' fees against Defendant CPC, pursuant to 35 U.S.C. §§ 284 and 285, based on its infringement of the '167 Patent;

7.    Such other and further relief to which Securus may be entitled.

DATED:  October 31, 2011                     Respectfully submitted,

                                            By: _____
                                            Michael A. Wukmer
                                            Bradley M. Stohry
                                            **ICE MILLER LLP**
                                            One American Square, Suite 2900
                                            Indianapolis, IN  46282
                                            (317) 236-2100
                                            michael.wukmer@icemiller.com
                                            bradley.stohry@icemiller.com

                                            **and**

                                            (*subject to admission pro hac vice*)

                                            G. Michael Gruber
                                            Anthony J. Magee
                                            Michael J. Lang
                                            Robert E. Weitzel
                                            **GRUBER    HURST    JOHANSEN
                                            HAIL SHANK, L.L.P.**
                                            1445 Ross Ave., Suite 2500
                                            Dallas, Texas 75202
                                            (214) 855-6800
                                            mgruber@ghjhlaw.com
                                            amagee@ghjhlaw.com
                                            mlang@ghjhlaw.com
                                            rweitzel@ghjhlaw.com

                                            **COUNSEL    FOR    PLAINTIFF    SECURUS
                                            TECHNOLOGIES, INC.**

I/2686048.1                      **Page 6**